Norwood *verſ.* Fairſervice.

NORWOOD brought his Action againſt Fair-
ſervice on an Indenture, for that Fairſervice
covenanted to pay £13., 6., 8. *per Quarter* for Rent
of a Sand-Bank, and had not paid, &c.   Defendant
pleads, *Non dimiſit.*   The Plaintiff produces in Evi-
dence, to ſupport his Demand, one Part of the
Indenture ſigned by the Defendant, wherein the
Demiſe is acknowledged, and Payment of the
above Sum per Quarter is covenanted.

*Mr. Auchmuty, for the Defendant,* offered to give
in Evidence to defeat the Demand, the other Part
of the Indenture, ſigned by Norwood, wherein he
demiſes as aforeſaid, for the ſame Sum per Year.

*Mr. Fitch, for Plaintiff,* then ſuggeſted a Fraud
in the Defendant, from whence this Difference aroſe,
and prayed Judgment, whether this Indenture pro-
duced by Defendant ſhould go in Evidence to the
Jury.

*Mr. Auchmuty.* I take it, the Gentleman is too
early in his Objection; for Fraud or no Fraud ſhall
be try'd by the Jury, and not by the Court.   It is a
plain Matter of Fact, of which the Jury are the ſole
Judges.   Beſides, of what Advantage will it be
for the Court to determine this Matter?   The
Jury, after all, will determine whether this Variance
was made before, or ſince the Execution of this
Deed; and will give what Credit they pleaſe to it;
ſo

Rec. 1765.
Fol. 238.

Whether an alleged Alteration in a Deed was made before or after its Execution, is a Queſtion of Fact for the Jury.
    In Debt for Rent upon an Indenture, the Defendant may, under the Plea of *Non dimiſit,* give in Evidence the Counterpart of the Indenture which reſerves a different Rent.

1765.

NORWOOD

*v.*

FAIRSERVICE.

ſo that for this Court to paſs their Judgment will avail Nothing.   Neither do I think the Court have any Right to determine this Matter; for 'twill be abridging the Priviledges of the Subject, to settle a Point which wholly lies with the Jury to determine.

In Anſwer to which, it was urged by *Meſſrs. Gridley & Fitch*, that it had always been the Cuſtom of this Court to determine in ſuch Caſes.   To which the Court agreed; and *Juſtice Lynde* said that he knew a ſimilar Caſe of one *Lanſon's*, in Middleſex : But the Chief Juſtice anſwered, that he had always doubted in thoſe Caſes, but whenever they aroſe, the Court always affirmed the conſtant Practice, and ſo he was ſilent.

'Twas then further urged by the Plaintiff's Council, that this Practice was well founded, and the Reaſon of it was this, that Nothing ſhould go to a Jury which would only tend to deceive and inveigle them; and that therefore when a Piece of Evidence was offered, on the Face of which Fraud appeared, the Court rejected the Evidence, as 'twould only tend to miſlead.   And, as to what Mr. Auchmuty had ſaid, that the Court's Opinion would be of no Effect, 'twas anſwered, that, if the Court, upon Inſpection, were of Opinion that the Indenture had been fraudulently altered, it was then not Norwood's Deed — therefore no Evidence.   For Courts will never admit that to go in as Evidence, which, *prima Facie*, they judge a Fraud ; and the Jury can't judge of that which is not admitted to go to them.

*Juſt.*

*Juft. Oliver.* This properly belongs to the Jury. I am for admitting it to go in.  ᴀᴅᴍɪᴛ

*Juft. Cufhing.* The Jury is fole Judge of this; they muft give what Credit they pleafe.  ᴀᴅᴍɪᴛ

*Juftice Lynde.* As the Practice of this Court has always been otherwife, I am for viewing it.  ɴᴏ

*Ch. Juftice.* I know the Cuftom has been otherwife, but, for my Part, I think 'tis Time it was altered — am for admitting it. (1)  ᴀᴅᴍɪᴛ

Another Objection was then made on Behalf of the Plaintiff, againft this Counterpart of the Indenture being Evidence: For that the Indenture declared on was the Defendant's Deed — had been produced, and, by being admitted, the Defendant was eftopped to fay the contrary; that, if the Counterpart produced by the Defendant fhould be admitted, it would prove Nothing againft his own Deed.

*Mr. Auchmuty.* It has been faid, we have admitted the Indenture produced was our Deed. So far from admitting Anything, we have denied their whole Declaration; for we have pleaded, *Non dimifit.* We could not poffibly have been farther from admitting this Deed than by pleading as we have done.* Befides, our Part and theirs make but one
                                        Inftrument;

* *Sed vid.* 4 Bac. Abr. 84.

---

(1) See *Ely* v. *Ely*, 6 Gray, 442; 1 Smith's Lead. Cas. (Hare & Wallace's notes) 961, 2.

1765.
NORWOOD
v.
FAIRSERVICE.
Inſtrument; for in all the Books 'tis, *Hæc Indentura.* They have declared on a certain Indenture, made between the Plaintiff and Defendant, which is not complete without our Part, for they have produced only one Part, and the other lays with us to produce.

*Mr. Gridley.* We have declared, that, by one Part thereof, ſigned by the Defendant, he, in Conſideration that we had demiſed, &c., he covenanted, &c. He has pleaded, *Non dimiſit.* To prove our Allegation, we have produced his Deed; and he is eſtopped to ſay the contrary, and offer in Evidence an Inſtrument that he ſays was ſigned by us. — What can it prove? That we did not demiſe? That is the Iſſue. And here is his Deed in which he acknowledges that we did demiſe, and that he covenanted as we have declared. 'Tis abſurd to offer this Paper to defeat his own Deed. It can't be done.

*Oliver, Juſt.* I think it can't be admitted. No

*Cuſhing, Juſt.* He is eſtopped, I think. No

*Lynde, Juſt.* I am very far from being ſo clear in it.

N. B. No Authorities were produced, and the Council on each Side acknowledged the Points were unexpectedly ſtarted.

*The Chief Juſtice,* who had been abſent the whole Argument of this laſt Objection, came into Court
ſoon

foon after this laft Determination; upon which *Mr. Auchmuty* moved for his Opinion : But *Mr. Gridley* objected, his Honour not having heard the Argument, and the *Ch. Juftice* faid, he the rather declined giving his Opinion, as there was but 4 Judges prefent; and two being againft admitting it, his Opinion would avail Nothing.   But, on the State of the Cafe by his Brethren, he feemed inclined to admit the Counterpart of the Indenture to go in as Evidence.

*Mr. Auchmuty* then ordered a Review to be minuted, and faid, if he was wrong now, he never was right in his Life.

At the next Trial, which I did not hear, *the Court* admitted the Counterpart of the Indenture to go in, as Mr. Auchmuty informed me. (2)